**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

APR 28 2026 PM 8:40
FILED - USDC

Carol Rothermel

v.                                                     Civil Action:

John Korff                                        Jury Trial Demand
Leslie Korff
Attorney Abram Heisler                      April 27, 2026

## COMPLAINT

Plaintiff, Carol Rothermel, as and for her complaint against defendants, allege as follows:

## PARTIES

1. Plaintiff, Carol Rothermel ( "Rothermel"), is a natural person who is a citizen of Connecticut and who resides at 43 Crawford Terrace Riverside, Connecticut.

2. Defendant John and Leslie Korff resided at 1718 BayView Drive Sarasota, Florida 34239. at the time the lease was signed on April 14, 2018.

3. Attorney Abram Heisler,  represented the plaintiff and failed in his fiduciary duty. Furthermore, he yelled and demanded that I accept $20,000 and that I would be lucky if I received $7,500 from a trial. **I disagreed and I terminated his services.**

## JURISDICTION & VENUE

4.Subject matter jurisdiction exists pursuant to 28 U.S.C. 1332 (a) (1)  because this is a civil action between citizens of different states and the amount in controversary exceeds the sum of $75,000, exclusive of interest and costs.

5. Personal jurisdiction exists over the parties and venue in this district is proper pursuant to 28 U.S.C. 1391, because the events giving rise to the claims substantially occured in Connecticut and the subject property is located in Connecticut.

## CIVIL RIGHTS VIOLATIONS

**Adverse Actions (Breach)** **That the Defendants took an adverse action, such as failure to maintain the property with the intent to purchase another property while in a contract.**

1

## FACTUAL ALLEGATIONS

6. The Plaintiff has been the owner of a residential single family home located at 12 Norton Lane, Old Greenwich Connecticut.

7. Pursuant to the Lease, the Defendants took possession of the property on May 15, 2018.

8. *The Defendants have breached the Lease on one or more of the following ways;*
*On September 28, 2018, John and Leslie Korff signed a Warranty Deed for two million, one hundred, and fifty ($2,150,000.) for a property at Five Brownhouse Road Old Greenwich CT., 06870*

9. Angela Swift, the Real Estate Broker, represented the Korffs in renting 12 Norton Lane, Old Greenwich CT and also sold them the house at Five Brownhouse Road, Old Greenwich CT. 06870, a conflict of interest and received two commissions.

10. The Property transfer in the Greenwich Times says that Five Brownhouse Road, Old Greenwich CT sold to a **BLANK individual. Intentionally, failing to identify the buyer on October 22, 2018.**

11. Verbal communication between Angela Swift (broker for the defendants and Carol Rothermel) during a conversation in the kitchen at 12 Norton Lane forcefully telling the landlord that **"it is in your best interest to sign a Release"** which was prepared and presented by the law office of Ivey Barnum and O'Mara. LLC, who are representing the Korffs on October 18, 2018.

Thereafter the Korffs wanted the landlord Carol Rothermel to sign a release for a $8,500.00 security deposit to be applied to the November 2018 rent due.

12, Proven Intent to Defraud in collusion with both legal counsel failing to inform the landlord and the Court in the Complaint that the Korffs had purchased a local property on September 28, 2018 for **$2,150,000 in cash** for Five Brownhouse Road, Old Greenwich CT. 06870.

13, Instead of openly informing the landlord, Carol Rothermel of their intent to break their lease a conspiracy was created.

14. Honorable and rational people would have informed the owner and negotiated a reasonable termination of the lease which would have been acceptable to the landlord.

## EXTRAORDINARY CIRCUMSTANCES

15. See the attached Text Message Correspondence between John Korff, (tenant) and the landlord, Carol Rothermel on October14, 2018 telling   her to come to the property in an hour due to flooding in the basement. (it appears that this was an intentional delay so as to give the sump pump which was the cause of the flooding time to increase substantially). The landlord, Carol Rothermel called 911 immediately and the Old Greenwich Fire Department responded.

16. The landlord brought a helper to assist in cleaning up the water with the intent of saving the tenants belongings. Note, the tenant's personal assistant had informed me prior to coordinating the move for the

2

Korffs that their important belongings were going into a temperture controled storage unit and anything in the owner's basement was not of any value. The helper was told by John Korff to leave and not to attempt to save anything. This narrative fits the profile of malicious intent to defraud.

17. As a result of the flooding, the homeowner was informed that her home insurance premium was going to increase.. However, it was discovered that in Lexis Nexis, a claim was filed and paid by the tenants with their Rental Insurance Policy for $47,000.00 against the Korff's Chubb Insurance policy.

18. The Warranty Deed recorded in the Greenwich Land Records by the closing law firm Ivey, Barnum & O'Mara, LLC. Showing that **Five Brownhouse Road sold on September 28, 2018.** David and Joanna Alpert sold their home to the Korff's.
On **October 14. 2018,** (16 days later) the rental property 12 Norton Lane, owned by the Plaintiff flooded. This information was not included in the court record by any attorney.

19. On the internet Homes.com shows that 5 Brownhouse Road Old Greenwich CT 06870 sold October 22, 2018 which is false advertising. The correct date is September 28. 2018.

## PRAYER FOR RELIEF

WHEREFORE, Carol Rothermel repectfully requests from this court:

Monetary damages;

Prejudgment interest pursuant to C.G.S. 37-3a;

Postjudgment interest pursuant to C.G.S. 37-3a;

Attorneys fees and costs pursuant to the Lease; and

Such other further and different relief as this Court may deem equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, hereby demand a trial by jury on all issues so triable.

Respectfully Submitted,

*Carol Rothermel*

Carol Rothermel
43 Crawford Terrace
Riverside CT 06878
203 273 3437
carol_rothermel@yahoo.com

3

# EXHIBITS

TABLE OF CONTENTS

1.  Complaint 12 Norton Lane LLC vs John, Leslie Korff

2.  Warranty Deed. John and Leslie Korff purchased 5 Brownhouse Road on September 28, 2018

3. Greenwich Time Property Transfers 5 Brownhouse Road Old Greenwich CT 06870 sold to BLANK
   October 22, 2018

4.  Release for Carol Rothermel to sign under duress written by, Ivey, Barnum & O'Mara LLC,
attorneys for the Korffs.

5. Ivey, Barnum & O'Mara Utilization of Security Deposit of $8,500 and applied for the November
2018 rent.

6. Note that the Korff Primary residence and signed and while living at 1718 Bayview Drive Sarasota
FL 34239 sold on May 29,2018 for $2,050.000

7. Text Message October 14, 2018. 10:02am  John Korff told Carol Rothermel to come to the house an
hour later 11:00am as water is coming into the basement

| | |
|---|---|
| NWH-CV19-6004315-S | ) JUDICIAL DISTRICT OF |
| | ) |
| | ) |
| 12 NORTON LANE, LLC, | ) HOUSING SESSION |
| Plaintiff | ) |
| | ) AT NORWALK |
| | ) |
| v. | ) |
| | ) |
| JOHN KORFF, LESLIE KORFF | ) |
| Defendants | ) March 25, 2019 |

## REVISED COMPLAINT

Pursuant to Connecticut Practice Book §10-59, the plaintiff files its Revised Complaint in compliance with defendants' Request to Revise dated February 21, 2019 (Docket Entry No. 103.00)

## COUNT ONE (Breach of Lease)

1. The plaintiff 12 Norton Place, LLC is a limited liability company organized under the laws of the State of Connecticut and has a principal place of business located in Cos Cob, Connecticut.

2. The defendants John Korff and Leslie Korff are individuals residing in the Town of Greenwich, Connecticut.

3. At all times alleged herein the plaintiff has been and is the owner of a residential single family home and parcel of residential real property located in the Town of Greenwich, Connecticut having an address of 12 Norton Lane, Old Greenwich, Connecticut.

4. On April 14, 2018 the plaintiff and defendants executed and entered into a written lease for the property located at 12 Norton Lane, Old Greenwich, CT 06870 ("the Property") by which the plaintiff agreed to lease to the defendants the Property for a term of twelve

months at an agreed upon rental of $8,500 per month payable on the first of every month, the Property to be used as the defendants' primary residence.

5. Pursuant to the lease the defendants took possession of the property on May 15, 2018.

6. The defendants have breached the terms of the lease in one or more of the following ways:

a) by anticipatorily breaching the lease through

   (i) the following verbal and written communications from the defendants, their broker and their attorney, stating that defendants intended to vacate the property and that defendants intended to not pay the remaining payments due under the lease beginning with the payment due December 1, 2018:

   (1) verbal conversation between the defendant John Korff and Carol Rothermel, the principal member of the plaintiff, on or about October 16th, 17th, 18th, or 19th, 2018;

   (2) verbal conversation between Angela Swift, the broker for the defendants and Carol Rothermel on October 18th, 2018;

   (3) letter from the defendants' attorney Stephen G. Walko to Carol Rothermel dated October 19th, 2018; and

   (4) email from John Korff to Carol Rothermel dated October 29th, 2018.

   (ii) by actually vacating the property in October and November 2018,

   (iii) by turning in the keys and garage door openers to the property to plaintiff

   (iv) by moving into another residential property in Greenwich, Connecticut that they purchased in October, 2018; and

b) by failing to make the rental payment for the month of November, 2018;

RIDGELY WHITMORE BROWN, *Lawyer*
15 Fifth Street · Stamford, Connecticut · 06905 · Juris No. 401656
(203) 918-1563 · fax (203) 595-5582 · email: RidgeBrown@Ridgelylaw.com

-2-

c)  by intentionally and/or negligently creating and/or permitting a hazardous condition on the premises in violation of Paragraphs 4(a), (b), (c), and 22(b) of the lease and in violation of Connecticut General Statutes (C.G.S.) §47a-11(a) through (g), in one or more of the following ways:

(i)      failing to properly operate a sump pump in the basement on or about October 14, 2018 when they knew or should have known that the basement was flooding;

(ii)     storing their personal property in cardboard boxes on the floor of the basement rather than in a manner and place that would minimize the risk of contamination by mold and mildew in the event of flooding when they knew or should have known that such storage would create an unreasonable risk of mold contamination in the event of flooding in the basement;

(iii)    failing to remove their personal property, cardboard boxes and other waste infected with mold from the premises after the basement flooded on October 14, 2018;

(iv)     failing to place their personal property, cardboard boxes and other waste infected with mold from the premises after the basement flooded on October 14, 2018 in a place and manner that that would minimize the spread of mold and mold spores;

(v)      by moving their personal property, cardboard boxes and other waste infected with mold from the premises after the basement flooded on October 14, 2018 from the enclosed  basement storage area of the premises (basement) to the living area of the premises (garage on first floor adjacent to kitchen and other

RIDGELY WHITMORE BROWN, *Lawyer*

15 Fifth Street · Stamford, Connecticut · 06905 · Juris No. 401656
(203) 918-1563 · fax (203) 595-5582 · email: RidgeBrown@Ridgelylaw.com
-3-

living areas on the first floor) thereby causing mold spores to spread to said living areas; and

   d) Causing damage to the premises as follows:

     (i)    Replacement of floor in basement;

     (ii)   Replacement of washer and dryer;

     (iii)  Scratches and scuffs on molding, walls, cabinets, floors, doors and door frames;

     (iv)  Damaged window shades;

     (v)   Damaged light switches;

     (vi)  Damaged door knobs, drawer knobs;

     (vii)  Missing "cold water" emblem on kitchen faucet;

     (viii) Missing recessed lighting cover; and

     (ix)  Stains on carpet in master bedroom resulting in complete replacement of master bedroom carpet.

   e) Unilaterally deducting and failing to pay $2,000 from the September rent for claimed failure to keep or make the premises "move in ready" despite the fact the plaintiff had the premises cleaned and in habitable condition.

7. The lease provides that the defendants are required to pay the plaintiff all lost rent, and other damages or costs that the plaintiff may incur because of the defendants' broken promises.

8. Paragraph 13(c) of the lease provides that the defendants as tenants are required to pay the plaintiff's reasonable attorney's fees incurred in connection with the enforcement of

the lease and in collecting damages for breach of the lease or for any damages arising out of the landlord tenant relationship.

9. As a result of the defendants' breach of the lease as alleged above the plaintiff has suffered and will continue to suffer in the future direct, consequential and incidental damages including, without limitation,

   (a) back rent owed;

   (b) the fair rental value for use and occupancy owed after termination of the lease;

   (c) future rent;

   (d) expenses for repair of the basement, and other damaged items on the premises,

   (e) expenses of cleanup, testing and mold remediation;

   (f) expenses for mitigation of damages including realtors' fees and expenses and fees for advertising the property for rent; and

   (g) attorneys' fees.

**COUNT TWO (Statutory Action for Damages for Rent Due under lease pursuant to Connecticut General Statutes §47a-11c)**

1-9. Paragraphs 1 through 9 of the First Count are incorporated by reference and made Paragraphs 1 through 9 of this, the Second Count as if fully alleged herein.

10. Pursuant to Connecticut General Statutes §47a-11c the defendants are liable to the plaintiff for damages equal to the amount of rent agreed to by the parties but unpaid by the defendants.

**COUNT THREE (Statutory Action for Waste; Connecticut General Statutes (C.G.S.) §52-563**

1-8.  Paragraphs 1 through 8 of the First Count are incorporated by reference and made Paragraphs 1 through 8 of this, the Third Count as if fully alleged herein.

9.  The actions and negligence of the defendants in allowing the basement to flood, in failing to take reasonable measures to minimize the threat from mold contamination, exacerbating the hazardous conditions by moving their belongings and cardboard boxes to the living area of the premises and the other damages to the premises caused by the defendants as set forth above, all constituted waste in violation of Connecticut General Statutes (C.G.S.) §52-563.

8.  As a direct and proximate result of the defendants' actions and omissions creating and/or allowing waste as alleged above the plaintiff has suffered and will continue to suffer in the future damages including, without limitation:

(a) back rent owed;

(b) the fair rental value for use and occupancy owed after termination of the lease;

(c) future rent;

(d) expenses for repair of the basement, and other damaged items on the premises,

(e) expenses of cleanup, testing and mold remediation;

(f) expenses for mitigation of damages including realtors' fees and expenses and fees for advertising the property for rent; and

(g) loss of the fair market value of the premises.

WHEREFORE, the plaintiff prays for a judgment of the court awarding it:

1.  With respect to the First Count:

    a)  damages for rent agreed to but unpaid for breach of the lease.

    b)  compensatory damages for breach of the lease.

    c)  consequential damages for breach of the lease.

    d)  incidental damages for breach of the lease.

    e)  attorneys' fees for breach of the lease.

2.  With respect to the Second Count: statutory damages pursuant to Connecticut General Connecticut General Statutes §47a-11(c) for rent agreed to but unpaid for breach of the lease.

3.  With respect to the Third Count:

    a)  damages for rent agreed to but unpaid for breach of the lease;

    b)  compensatory damages as alleged above for tort damages;

    c)  costs; and

    d)  punitive damages for intentional acts in creating a nuisance and waste.

> **THE PLAINTIFF,**
> **12 NORTON LANE, LLC**
>
> BY: _____401656_____
> Ridgely Whitmore Brown
> 15 Fifth Street
> Stamford, CT 06905
> Phone: (203) 918-1563
> Fax:  (203) 595-5582
> Email: RidgeBrown@Ridgelylaw.com
> Juris No. 401656

## CERTIFICATION

I hereby certify that a copy of the above was mailed, emailed, or hand delivered on the above date in accordance with Practice Book certification requirements to:

IVEY BARNUM & O'MARA (028682)
170 MASON STREET
GREENWICH, CT 06830

_____401656_____
Ridgely Whitmore Brown

VOL: 7442 PG: 21
Inst: 08082

Return to:
Tom S. Ward, Jr., Esq.
Ivey, Barnum & O'Mara, LLC
170 Mason Street
Greenwich, CT 06830

## WARRANTY DEED SURVIVORSHIP
## STATUTORY FORM

TO ALL PERSONS TO WHOM THESE PRESENTS SHALL COME, KNOW YE THAT **DAVID M. ALPERT &
JOANNA S. ALPERT**, of Greenwich CT for consideration of **TWO MILLION ONE HUNDRED FIFTY THOUSAND
AND 00/100 DOLLARS ($2,150,000)**, grant to **JOHN KORFF AND LESLIE KORFF** as JOINT TENANTS with Right
of Survivorship, with WARRANTY COVENANTS, all that certain real property known as **5 Brown House Road Old
Greenwich, CT 06870** being more particularly described in Schedule A attached hereto:

Said Premises are conveyed subject to:

1.  Any and all provisions of any municipal, ordinance or regulation or public or private law with special reference
    to the provisions of any zoning regulations and regulations governing the said Premises.

2.  Real property taxes on the current Grand List and any municipal liens or assessments becoming due and
    payable on or after the delivery of this Deed.

3.  Such other exceptions as appear on Schedule A attached hereto.

In all references herein to any parties, persons, entities or corporations, the use of any particular gender or the plural
or singular number is intended to include the appropriate gender or number as the text of the within instrument may
require.

INTENTIONALLY BLANK THROUGH THE END OF THIS PAGE

CONVEYANCE TAX RECEIVED
STATE $      $22,875.00
LOCAL $       $5,375.00
CARMELLA C. BUDKINS
GREENWICH Town Clerk

VOL: 7442 PG: 22
Inst: 08082

IN WITNESS WHEREOF, the Grantor has caused these presents to be executed on this 28th day of September 2018.

_____
DAVID M. ALPERT

_____
JOANNA S. ALPERT

Signed, sealed and delivered in the presence of or attested by:

Witness: _____
Joshua F. Gilman

Witness: _____
George Steven

**STATE OF CONNECTICUT**

ss. Norwalk

**COUNTY OF FAIRFIELD**

Personally appeared **DAVID M. ALPERT & JOANNA S. ALPERT**, signer and sealer of the foregoing instrument, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same for the purposes therein contained in the capacity therein stated, before me, on this 28th day of September 2018

_____
Joshua F. Gilman, Esq.
Commissioner of the Superior Court

Greenwich Free Press (https://greenwichfreepress.com/news/real-estate/up-to-the-minute-greenwich-property-transfers-oct-18-19-2018-113907/)

# Up to the Minute Greenwich Property Transfers, Oct 18-19, 2018

By: **GREENWICHFREEPRESS** | November 2, 2018

*Up to the minute Greenwich Property Transfers, October 18-19, 2018 transcribed from the Assessor's office at Greenwich Town Hall*



49 Indian Harbor Drive, Unit 4 from Todor Delev and Alexandra Abtoss to Deirdrey McCaffrey on Oct 18, 2018 for $725,000



47 Carriglea Drive from Kenneth Salamone to Evguenia Lindgardt on Oct 19, 2018 for $4,700,000



347 Sound Beach Ave from Caroline Shen to Kristin Toretta Lee on Oct 19, 2018 for $2,925,000

 **5 Brown House Road** from David Alpert and Joanna Alpert to blank on Oct 22, 2018 for $2,150,000

## RELEASE

KNOW ALL PERSONS BY THESE PRESENTS:

That the undersigned, JOHN KORFF and LESLIE KORFF, ("Releasors"), for good and valuable consideration, to wit: (i) the termination of that certain lease dated April 14, 2018 by and between Releasors and 12 NORTON LANE, LLC and CAROL ROTHERMEL ("Releasees") for the property located at 12 Norton Lane, Old Greenwich, Connecticut ("Lease") effective December 1, 2018; and (ii) utilization of the security deposit in the amount of Eight Thousand Five Hundred and 00/100 ($8,500.00) Dollars by Releasees for the November 2018 rent in the sum of Eight Thousand Five Hundred and 00/100 ($8,500.00) Dollars, does hereby, on their behalf and on behalf of their heirs, successors and any assigns, freely, knowingly, intentionally and without any undue influence whatsoever relinquish, release and forever discharge Releasees, and all its past and present agents, servants, attorneys, employees, independent contractors, consultants, insurance companies, heirs, successors, and assigns, and all other persons, firms or corporations connected therewith of and from any claims, disputes, demands, causes of action, damages, judgments or suits at law or equity of any kind whatsoever, whether due or not, direct or contingent, liquidated or unliquidated, patent or latent, known or unknown, from the beginning of time to the date of this release, including without limitation in any way arising from or related to in connection with the Lease concerning the rental to Releasors, as Tenants, of Releasees' property located at 12 Norton Lane, Old Greenwich, Connecticut. It is further understood and agreed that the settlement of this matter and execution of this Release does not constitute any admission of liability on the part of either Party, which liability is expressly denied.

It is agreed and understood that this settlement is a compromise of a claim and that the payment of the consideration expressed is not to be construed as an admission of liability on behalf of any party released. It is also expressly agreed and understood that Releasors do intentionally waive any right to claim, complain or proceed against the parties released herein in any civil, criminal, governmental or administrative forum and Releasors expressly acknowledge that the terms, conditions and consideration for this Release absolutely and unconditionally estop Releasors from making any claim or complaint, or bringing or proceeding with any such claim with respect to the subject matter of this release.

The undersigned acknowledge full and complete satisfaction and represent and warrant that each has not assigned any right, claim, or cause of action against any party herein released and each declares and represents that no promises, inducements or agreements not herein expressed have been made. It is further acknowledged that the provisions of this release are contractual and not mere recitals.

IN WITNESS WHEREOF, this Release has been read and signed this _____ day of October, 2018.

In the presence of:

_____          _____ L.S.
                                            JOHN KORFF

_____


STATE OF CONNECTICUT                )
                                    ) ss:  _____
COUNTY OF _____           )

On October __, 2018, personally appeared, JOHN KORFF, as aforesaid, signer and sealer of the foregoing instrument, being authorized to do so, acknowledged the same to be his free act and deed.

In Witness Whereof I hereunto set my hand.

_____
Notary Public


In the presence of:

_____                    _____L.S.
                                                    LESLIE KORFF

_____


STATE OF CONNECTICUT                )
                                    ) ss:    _____
COUNTY OF _____           )

On October ___, 2018, personally appeared, LESLIE KORFF, as aforesaid, signer and sealer of the foregoing instrument, being authorized to do so, acknowledged the same to be her free act and deed.

    In Witness Whereof I hereunto set my hand.

                                                    _____
                                                    Notary Public

# IVEY, BARNUM & O'MARA, LLC

## ATTORNEYS AT LAW

MICHAEL J. ALLEN
DONNA CASTRONOVO*
EDWARD D. GOSDEN, JR.
ANDREA M. FRALEIGH*
HEATHER R. FUSCO
NATHAN GRAF*
WILMOT L. HARRIS, JR.
JUERG A. HEIM*
VICKI K. JOHNSON*
MICHAEL J. JONES*
JOHN Q. KELLY**
CHRISTOPHER A. KRISTOFF*
MICHAEL P. MURRAY*
STEPHEN M. NAPIER
JENNIFER D. PORT*
KARLA P. RAY
CYNTHIA L. SINGER
STEVEN B. STEINMETZ*
STEPHEN G. WALKO*
TOM S. WARD, JR.

EDWIN J. O'MARA, JR.
  1920 TO 2008
ROBERT C. BARNUM, JR.
  1921 TO 2016

170 MASON STREET
GREENWICH, CT 06830
TEL (203) 661-6000
FAX (203) 661-9462
e-mail: info@ibolaw.com

BRANCH OFFICE:

161 CHERRY STREET, 2ND FLOOR
NEW CANAAN, CT 06840
TEL (203) 966-1492
FAX (203) 966-3139

SONIA T. LAROSSA*
MARLENE E. MACAUDA
JESSICA M. SIGNOR
ANDREA C. SISCA*
RYAN S. TOUGIAS*

OF COUNSEL
THERESA M. CRIBBIN*
MELISSA T. KLAUBERG*
DONAT C. MARCHAND**
MILES F. McDONALD, JR.**
ROLAND A. PAUL*
ELAINE VLAHAKIS*

*ALSO ADMITTED IN NEW YORK
**ADMITTED ONLY IN NEW YORK
*ALSO ADMITTED IN UTAH
**RETIRED

writer's e-mail: swalko@ibolaw.com

October 19, 2018

**VIA EMAIL ONLY**
Mrs. Carol Rothermel
253 East Putnam Avenue
Cos Cob, Connecticut 06870
carol_rothermel@yahoo.com

Re:  **Utilization of Security Deposit**
     **Lease of 12 Norton Lane, Old Greenwich, Connecticut**

Dear Mrs. Rothermel:

We represent John and Leslie Korff ("Tenants") in connection with the rental of the property located at 12 Norton Lane Old Greenwich, Connecticut (the "Premises") from 12 Norton Lane LLC ("Landlord"). We understand that you are the manager of Landlord. By agreement dated April 14, 2018 (the "Lease"), a copy of which is enclosed herewith as **Exhibit A**, Landlord agreed to lease the Premises for 12.5 months, commencing May 15, 2018 and ending on May 31, 2019, at a monthly rent of $8,500.00. It is our understanding that upon execution of the Lease, Landlord received one month's rent as security deposit (the "Security Deposit") in the amount of $8,500.00.

Based upon the conversations between Landlord and Tenant earlier today, the Lease is hereby terminated effective December 1, 2018 subject to the following: (i) Landlord will be applying the Security Deposit in the amount of $8,500.00 to the November 2018 rent owed by Tenants, (ii) Tenants will vacate the Premises on or before November 30, 2018 at 11:59PM, (iii) Landlord agrees to the early termination of the Lease with Tenants with no further obligations except as contained herein and (iv) the parties shall exchange mutual releases, which are enclosed herewith as **Exhibit B**. The parties will immediately exchange the mutual releases.

Please countersign and return this letter to the undersigned acknowledging receipt of same and your agreement to the terms set forth above.

IVEY, BARNUM & O'MARA, LLC

Mrs. Carol Rothermel
October 19, 2018
Page 2

Please direct all future inquiries and correspondence to the undersigned.

Very truly yours,

Stephen G. Walko

_____
Carol Rothermel
Individually


_____
Carol Rothermel
Member of 12 Norton Lane, LLC


Encls.
c. John and Leslie Korff (email only)

1718 Bayview Dr, Sarasota, FL 34239

‹ Back    Sarasota, FL    ✕    🔍



Fly around    Virtual tour    1/91

**What's your equity? (It's easy to find ou**

Off Market

**6** bed    **5.5** bath    **4,644** sqft    **0.37** acre lot

1718 Bayview Dr, Sarasota, FL 34239                    View on Map 📍

🏠 **Single Family**          🛏 **1938**
Property type               Year built

📋 **$2.9M in 2024**        **$624**
Last sold                   Price per sqft

🔲 **2 Car**
Garage

View as owner                                      Share

US Military & Veterans $75,000 Home Giveaway. See Off. Rules

**Interested in selling 1718 Bayview Dr?**

Estimated value*

**$2,633,340**

*Estimation is calculated based on tax assessment records, recent sale prices of comparable properties, and other factors.

See your offers

Compare agents with **RealChoice™ Selling,** find a trusted expert
**Oasis Group** agents can:

📋 Identify buyers searching in your area

🔍 Optimize your listing with market comparisons

🏅 Send you easy-to-read performance reports

**Amanda Bray**
Oasis Group
#SL3492182

**1718 Bayview Dr, Sarasota, FL 34239**

## Price History

### 2024

| Date | Event | Price | $/sqft |
|---|---|---|---|
| Apr 23, 2024 | Sold<br>StellarMLS | $2,900,000<br>-13.43% | $624/sqft |
| Mar 14, 2024 | ↓ Price decreased<br>StellarMLS | $2,995,000<br>-$155,000 | $645/sqft |
| Jan 29, 2024 | ↓ Price decreased<br>StellarMLS | $3,150,000<br>-$125,000 | $678/sqft |

### 2023

| Date | Event | Price | $/sqft |
|---|---|---|---|
| Nov 11, 2023 | ↓ Price decreased<br>StellarMLS | $3,275,000<br>-$75,000 | $705/sqft |
| Nov 2, 2023<br>30 days after listed | Listing removed<br>StellarMLS | $3,295,000 | $710/sqft |
| Oct 3, 2023 | Listed<br>StellarMLS | $3,350,000<br>+63.41% | $721/sqft |

### 2018

| Date | Event | Price | $/sqft |
|---|---|---|---|
| May 29, 2018<br>117 days after listed | Sold<br>StellarMLS | $2,050,000<br>-8.85% | $439/sqft |
| Feb 1, 2018 | Listed<br>StellarMLS | $2,249,000<br>+91.40% | $482/sqft |

### 2015

| Date | Event | Price | $/sqft |
|---|---|---|---|
| Sep 16, 2015 | Sold<br>StellarMLS | $1,175,000 | $285/sqft |

### 2013

| Date | Event | Price | $/sqft |
|---|---|---|---|
| Aug 1, 2013<br>62 days after listed | Sold<br>Public Record | $1,175,000<br>-11.32% | $255/sqft |
| May 31, 2013 | Listed<br>StellarMLS | $1,325,000<br>+60.61% | $322/sqft |

### 2002

| Date | Event | Price | $/sqft |
|---|---|---|---|
| Jul 3, 2002 | Sold<br>Public Record | $825,000 | $179/sqft |

### 1994

| Date | Event | Price | $/sqft |
|---|---|---|---|
| Jun 16, 1994 | Sold<br>Public Record | $366,300 | $80/sqft |

### 1990

| Date | Event | Price | $/sqft |
|---|---|---|---|
| Apr 18, 1990 | Sold<br>Public Record | $252,500 | $55/sqft |

Sun, Oct 14, 10:02 AM

There's about 2-3 inches of water that flooded throughout the basement. You need to fix this.

There's more water in different areas. Most of our stuff is flooded and the electric to the kitchen island doesn't work. Please call me after 11:00 this morning.  This has to be pumped out.

Carol - we just measured the water and it's at least a foot. A lot of our stuff is ruined.

Can I call u now ??

Yes

Where is the water coming from

No idea