**UNITED STATES FEDERAL DISTRICT COURT
FOR CONNECTICUT**

| | | |
|---|---|---|
| CAROL ROTHMEREL | : | CASE NO. 3:26-cv-00664-SVN |
| | : | |
| V. | : | HON. SARALA V. NAGALA |
| | : | |
| JOHN KORFF, | : | DATED MAY 24, 2026 |
| LESLIE KORFF, AND | : | |
| ABRAM HEISLER | : | |

**DEFENDANT ABRAM J. HEISLER'S AMENDED OBJECTION
TO ECF 18 PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Now comes the Defendant Abram J. Heisler and amends his Motion to Dismiss ECF #19, to include allegations of abuse of 28 USC § 1332 and improprieties with the Plaintiff's motion to amend and complaint at large.

Now comes the Defendant Abram J. Heisler, Esq. (hereinafter "Heisler"), and OBJECTS to the Plaintiff Carol Rothermel's (hereinafter "Rothermel") Motion to Amend her complaint to include allegations and to cite in Attorney Ridgely W. Brown.

In support of this Motion, the Defendant Heisler represents the Motion seeks improper relief. Per Federal Rule of Civil Procedure § 15(a)(1)(B) and is untimely. Counsel appeared on May 21, 2026, a responsive pleading was due within 21 days of the service of the complaint (which was defective in this action) and a 12(b) Motion to Dismiss has been filed as ECF 17 today, on May 22, 2026.

Moreover, the request to Amend and cite in Ridgely W. Brown, Esq., tends to also fall very short of an explanation of why he is a necessary party, what the specific allegations against Attorney Brown are, and whether or not Plaintiff Rothermel was actually his client, thus implicating her standing.

**ARGUMENT REQUESTED**

Furthermore, the Plaintiff Rothermel has alleged the basis of jurisdiction to be 28 U.S.C. § 1332, and this federal law allows federal courts to hear civil cases <u>when the parties are citizens of different states or countries</u> **and** <u>provided the amount in controversy exceeds $75,000</u>. In the instant action, all parties are residents of the State of Connecticut, and Ridgely W. Brown, Esq., upon information and belief, is also a resident of the State of Connecticut. There is no allegation that damages exceed or approach $75,000.00. As such the motion is improper on its face, is frivolous, and seeks an inappropriate remedy, and is further evidence of a pattern of misconduct by the Plaintiff Rothermel. Paragraph 4 of the Plaintiff's complaint clearly states "4. Subject matter jurisdiction exists pursuant to 28 U.S.C. 1332 (a) (1) because this is a civil action between citizens of different states and the amount in controversary exceeds the sum of $75,000, exclusive of interest and costs." She even goes so far as to represent that the Korff Defendants were residents of Sarasota Florida at the time the lease was signed, despite having served them at their residence in Old Greenwich, CT. In fact every person served in this case is a resident of Connecticut based upon the return of service.

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), plaintiff alleged a violation of Section 1 of the Sherman Act. Applying the pleading standard of Rule 8(a), the Court wrote "that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice," *id.* at 556, 127 S.Ct. 1955. In the instant case, it appears that from the Motion filed by the Plaintiff Rothermel, her intent is to essentially make the exact same "threadbare" legal conclusion as to liability and breach of fiduciary duty against Attorney Ridgely W. Brown.

Rule 15(a) requires that leave to amend the pleadings be granted freely "when justice so requires." Fed. R. Civ. Pro. 15(a). We have held that motions to amend pleadings should be

**ARGUMENT REQUESTED**

liberally granted. See, e.g., *Adams v. Gould Inc.*, 739 F.2d 858, 867-68 (3d Cir.1984) ("[U]nder the liberal pleading philosophy of the federal rules as incorporated in Rule 15(a), an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the [movant], or prejudice to the [nonmovant] as a result of the delay."). In *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173 (3d Cir.1994), we stated: "This Court has often held that, absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless `denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" Id. at 1196 (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652-53 (3d Cir.1989) (emphasis in original)). The plain terms of Rule 15(a) do not discriminate on the basis of type of pleading. The liberal right to amend extends to an answer to the complaint. *Heyl & Patterson Int'l, Inc.* v. F.D. Rich Housing of Virgin Islands, Inc., 663 F.2d at 425. *Long v. Wilson*, 393 F.3d 390 (3rd Cir. 2004) at 400.

In determining what constitutes prejudice, the Second Circuit considers "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Long v. Wilson*, *Id.* at 400.

In the instant case, the Plaintiff has failed to proffer any specific, credible, claims other than conclusory allegations, and the citing in, the amended complaint and the additional expense involved in continuing to litigate against a Plaintiff, who, is highly unlikely to prevail on her claims, assuming they can actually withstand dismissal, is unfair, and unreasonable to the Defendants Heisler, and John and Leslie Korff, who presently exist in this case and will be compelled to defend.

**ARGUMENT REQUESTED**

Most seriously, it appears that there is no diversity of jurisdiction between the parties and this complaint is patently defective and was filed solely to harass and cause harm to the Defendants, and the Plaintiff seems to have "doubled down" on this strategy in attempting to drag Attorney Ridgely W. Brown into this case despite every person in this case being a resident of the State of Connecticut.

The Defendant implores the Court to deny the Plaintiff's Amendment and request to cite additional parties as the complaint and basis for original jurisdiction before this court are specious at best and are arguably defective as a latter of law and may constitute an abuse of process.

**THE DEFENDANT,**
**ABRAM J. HEISLER, ESQ.,**
**BY HIS ATTORNEY,**

/s/ ct26748
Donald M. Brown, Esq.
CT BAR #ct26748
32 Pine Tree Lane
Avon, CT, 06001
(203) 359-3771
donald.brown@goldcoastlawyers.us (routine)
infopleadings@gmail.com (service of process)

**ARGUMENT REQUESTED**

## CERTIFICATION OF SERVICE

I hereby certify a copy of the foregoing and within including all exhibits were delivered either by electronic delivery, or by US Postal mail, first class, postage prepaid to all parties of record as the case may be this 24th day of May, 2026.

CAROL ROTHERMEL                    Postal Mail
43 CRAWFORD TERRACE
RIVERSIDE CT 06878

JOHN KORFF                         Postal Mail
5 BROWNHOUSE RD
OLD GREENWICH CT 06870

LESLIE KORFF                       Postal Mail
5 BROWNHOUSE RD
OLD GREENWICH CT 06870


                    Donald M. Brown, Esq.,


                    /s/ ct27548
                    Donald M. Brown, Esq.
                    Fed. Bar No. ct27648
                    Gold Coast Law, Inc.
                    32 Pine Tree Lane
                    Avon CT 06001
                    203-359-3771


**ARGUMENT REQUESTED**